UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

TONYA JOHNSON HYLES,            )
                                )
            Movant,             )
                                )
      vs.                       )        No. 1:10CV15 HEA
                                )
UNITED STATES OF AMERICA,       )
                                )
            Respondent.         )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. §
2255 by a Person in Federal Custody, [Doc. No. 1].  Pursuant to this Court's
Order, the government has responded to the motion.  Movant has filed a reply to
the government's response.  For the reasons set forth below, the Motion under §
2255 is denied without a hearing.

## Movant's Claims

Movant makes the following claims:

**Ground One**: Ineffective assistance of counsel. Movant was denied
effective assistance of counsel when trial counsel advised her to
enter into a proffer agreement and provide statements to the
government and Grand Jury, and incorrectly advised her that all
charges would be dismissed against her and she would received
complete immunity from prosecution.

**Ground Two**: Ineffective assistance of counsel.  Movant was denied
effective assistance of counsel when trial counsel failed to give

Movant competent advice regarding whether to accept a guilty plea offer and failed to accurately inform Movant of a plea offer and the ramifications of the offer from the government.

**Ground Three:** Movant claims, as ground three, that she is entitled to an evidentiary hearing.

## Facts and Background

Movant was originally charged in a Complaint with aiding and abetting the murder for hire of Coy Smith.  Movant initially agreed to cooperate with the investigation and entered into a proffer letter with the government on June 11. 2001.  On June 14, 2001, a Grand Jury returned a single count indictment charging Movant with aiding and abetting murder for hire.  These charges were dismissed, without prejudice on October 24, 2001.

Movant did not testify in the trial of Tyrese Hyles.  Movant did not testify in the trial of Amesheo Cannon.

A grand jury returned an indictment against Movant on May 5, 2005. Movant was charged with conspiring to commit murder for hire, aiding and abetting murder for hire, possession of a firearm in furtherance of the murder for hire conspiracy, and conspiring for a felon to possess a firearm.

Movant filed a motion for specific performance of an alleged cooperation agreement with the government.  Movant sought dismissal of the indictment

based on her assertion that the government breached a cooperation agreement by re-indicting her.  Movant claimed to have maintained her side of the bargain by providing truthful answers to questions put to her.

Judge Blanton held two hearings on Movant's motion.  Judge Blanton concluded that there was no evidence to support Movant's contention that there was an agreement that a second indictment would not be filed against Movant. Indeed, Judge Blanton found the evidence to be contrary to Movant's claim. Judge Blanton recommended that the Court deny Movant's motion for specific performance.

The Court adopted Judge Blanton's recommendation.  This Court found that Movant had failed to satisfy the conditions precedent set forth in the government's proffer letter before an agreement could be reached.

Movant was tried before a jury on October 10, 2006.  A verdict of guilty was returned on all charged counts on October 13, 2006.  The Court imposed a life sentence on January 9, 2007.  Movant appealed the conviction and sentence that same day.

The Eighth Circuit Court of Appeals affirmed Movant's convictions.  The Court rejected Movant's argument that the government had violated a non-prosecution agreement.  *United States v. Johnson Hyles*, 521 F.3d 946, 953 (8th

Cir. 2008).

Thereafter, Movant filed a petition for writ of *certiorari* with the Supreme Court.  The petition was denied on January 22, 2009.

This motion was subsequently filed on January 13, 2010.  Movant claims the above stated grounds for relief in this Motion.

## **Standard for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Claims brought under § 2255 may also be limited by procedural default.  A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not."  *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)).  Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence."  *United States v. Moss*,

252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'"  *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255).  Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).  The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

**<u>Discussion</u>**

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy,* 560 F.3d 808, 817 (8th Cir. 2009).  The burden of demonstrating ineffective assistance of counsel is on a defendant.  *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).  To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness."  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*, at 694.

> Under *Strickland,* a petitioner must show that his counsel's performance was both deficient and prejudicial to obtain relief. *Id.* at 687, 104 S.Ct. 2052.  That is, "the movant must show that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice)." *Alaniz v. United States,* 351 F.3d 365, 367–68 (8th Cir.2003) (citing *Strickland,* 466 U.S. at 690, 694, 104 S.Ct. 2052).  "Our scrutiny of counsel's performance must be 'highly deferential.'" *New v. United States,* 652 F.3d 949, 952 (8th Cir.2011) (citing *Strickland,* 466 U.S.

at 687, 104 S.Ct. 2052).

*Hamberg v. U.S.,* 675 F.3d 1170, 1172 (8th Cir 2012).

Both parts of the *Strickland* test must be met in order for an ineffective

assistance of counsel claim to succeed.  *Anderson v. United States,* 393 F.3d 749,

753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005).  The first part of the test

requires a "showing that counsel made errors so serious that counsel was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

*Id.*  Review of counsel's performance by the court is "highly deferential," and the

Court  presumes "counsel's conduct falls within the wide range of reasonable

professional assistance."  *Id.*  The court does not "second-guess" trial strategy or

rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an

objective standard of reasonableness to be found ineffective, *United States v.*

*Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005).  If the underlying claim (i.e., the

alleged deficient performance) would have been rejected, counsel's performance

is not deficient.  *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996).  Courts seek

to "eliminate the distorting effects of hindsight" by examining counsel's

performance from counsel's perspective at the time of the alleged error.  *Id.*

The second part of the *Strickland* test requires that the movant show that he

was prejudiced by counsel's error, and "that 'there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would
have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466
U.S. at 694).  "A reasonable probability is a probability sufficient to undermine
confidence in the outcome."  *Strickland,* 466 U.S. at 694.  When determining if
prejudice exists, the court "must consider the totality of the evidence before the
judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir.
2006).

Where a defendant raises multiple claims of ineffective assistance, each
claim of ineffective assistance must be examined independently rather than
collectively.  *Hall v. Luebbers,296* F.3d 385, 692-693 (8th Cir.2002); *Griffin v.
Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

**Grounds One**

Movant claims her attorney provided Ineffective assistance of counsel,
claiming she was denied effective assistance of counsel when trial counsel
advised her to enter into a proffer agreement and provide statements to the
government and Grand Jury, and incorrectly advised her that all charges would be
dismissed against her and she would receive complete immunity from
prosecution.  Shockingly missing from Movant's arguments is the repeated
requirement that Movant provide truthful and complete cooperation.  Throughout

the time leading up to Movant's re-indictment, Movant was not completely

forthcoming with the information she had and her involvement in the crimes.

Tellingly, Movant provided more complete information when she was asked to

undergo a polygraph.  Clearly, Movant's previous disclosures were not complete

prior to the time preceding the scheduled polygraph.  Movant cannot now

challenge the actions of the government in obtaining the indictment when her

actions at the time were contrary to what the proposed agreement would have

been.  Movant can in no way establish that her counsel was ineffective with

respect to the proffer agreement.  The failure of the agreement was entirely the

result of Movant's actions.  Ground One is therefore denied.

**Ground Two**

Movant claims she received ineffective assistance of counsel when trial

counsel failed to give Movant competent advice regarding whether to accept a

guilty plea offer and failed to accurately inform Movant of a plea offer and the

ramifications of the offer from the government.

Movant's argument clearly fails because of her complete failure to accept

any responsibility for her actions *vis a vis* the murder of Coy Smith.  Throughout

the entire proceeding, Movant protested her guilt and argued that she did not

cause "his death."   The record is replete with statements made by Movant

- 9 -

demonstrating her position.  The Court observed, particularly at sentencing, that

the Movant had ample opportunity to secure less of a sentence, but the decision to

continue to proceed to fail to be entirely cooperative was entirely her decision.

Movant made no objection to the Court's observations at sentencing regarding

the advice of counsel, even after the Court allowed allocution.  Movant continued

at that time to profess her belief that she did "nothing."  Ground Two is without

merit and is therefore denied.

### Ground Three

As Ground Three of her Motion, Movant seeks an evidentiary hearing.  An

evidentiary hearing is required under 28 U.S.C. § 2255 "unless the motion, files

and records of the case conclusively show that the prisoner is entitled to no

relief."  *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28

U.S.C. § 2255).  Thus, a "[movant] is entitled to an evidentiary hearing 'when the

facts alleged, if true, would entitle [movant] to relief.'"  *Payne v. United States*,

78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306

(8th Cir. 1986)).  The record before the Court conclusively establishes that

Movant is entitled to no relief.  The request for an evidentiary hearing is denied.

### <u>Conclusion</u>

Movant has failed to establish that his constitutional right to effective

counsel was violated.  The record fails to establish that but for counsel error, the result in this matter would have been different.  Movant's motion will be denied in its entirety.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a

- 11 -

federal constitutional right.

A separate judgment is entered this same date.

Dated this 11th day of January, 2013.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE